ROANE, Judge.
Two objections are taken in this case. 1. That the award did not lie long enough in Court, according to the act of 1792, [13 Stat. Larg. 63, c. 114, R. C. ed. 1819,] but was immediately confirmed by the judgment of the Court. 2. That the arbitrator, as appears by the report, allowed damages for matters not within the terms of the submission.
*369 Upon the first objection, it was observed by the appellee^ counsel, that it was decided in Mitchell v. Kelly, that the act of 1792, does not apply to orders of reference of this kind made during the progress of a suit, depending in Court; nor, upon examination of the act, do I think it does.
As to the second objection, I observe, that one of the conditions of the bond is, to indemnify the High Sheriff, from all motions, judgments, &e. Now this condition, as to the indemnity, will certainly extend to all just expenses sustained by the appellee, in consequence of -any such motion, judgment, &c. as well as to all actual losses, occasioned by the detention of his negroes, &c. These expenses and losses, which are actual, are capable of being ascertained by computation: and certainly the party cannot foe said to be indemnified, that is, kept harmless, without they are allowed him.
At the same time, I agree entirely’with the appellants counsel, that the arbitrators ought not to have taken into consideration, mere speculative damages, such as for trouble, anxiety, &c. and that this would lead us into an imaginary and inexhaustible field.*
The question then is, upon this distinction, how stands the report of the arbitrators?
The item in the account presents nothing to impeach the award. Interest on the money advanced was certainly proper; and damages sustained may justly be restricted, for any thing appearing to the contrary in the item, to such damages as might legally be awarded. We are not to hunt out such a sense, as that damages may he understood to destroy the award; which ought to be favorably construed.
I take this, to foe merely a statement of the evidence, which appeared to the arbitrators; and it does not irresistibly follow, that the damages were given on such a part of the evidence as would not warrant it; that is to say, an indemnification for the personal trouble, &c. of the appellee. It is a just maxim, that what is useful shall not be vitiated by that which is not so, † But it is not expressly stated, that the damages were given for personal trouble, &c. and, if given for expenses and losses, as before-mentioned, it is right.
*370 My opinion is, that, before we overturn an award (in a case where justice seems fully attained,) it ought certainly to appeal’, that the award was founded on illegal grounds. But, this does not' clearly appear to have been tbe case, in the cause now before the Court; and, therefore, I am for supporting the award, as what is relied upon, to impeach it, is merely a statement of the evidence, which appeared to the arbitrators. Upon these grounds, I am of opinion, that the judgment ought to be affirmed.
CARRINGTON, Judge. This was an action, sounding in damages, for breach of a covenant. The arbitrators were judges of the parties’ own chusing, to settle all matters in dispute between them; and it is a rule, that awards should always be construed liberally.* I think the items, including the damages stated by them, were clearly within the submission. The award, therefore, (which, although not formal, is founded in strict justice,) ought to be supported. I am for affirming the judgment.
LYONS, Judge. I concur with the other Judges, upon the first point made by the appellant’s counsel; but differ from them on the other. There is a reference to damages generally; but, the principal and interest is the true measure of damages in law; and mere speculative injuries and conjectural inconveniences do not enter into the subject of damages, at all. The Court never enquires how the party got the money with which he paid the debt; but merely how much he paid? and when he paid it? Therefore, these conjectural damages being included, the award, I think, ought to be set aside; but there is a majority of the Court for sustaining the judgment; and, consequently, it must be affirmed.
Judgment affirmed.†

[* See Hayden v. Cabot 17 Mass. R. 169.]

[† Taylor's adm'r v. Nicolson, I. H. & M. 67.]

[* Hollingsworth v. Lupton et ux. 4 Munf 114; Richards v. Brockenbrough's adm'r. 1 Rand. 449; Richardson v. Nourse, 3 Barn. & Ald. 237.]

[† Holcomb afterwards endeavored to obtain relief in equity, but his bill was dismissed, on the ground, thathe had been fully heard at law, it being a settled principle, that a Court of Chancery cannot revise the decision of a Court of Caw, upon the same subject of controversy, where no circumstance is adduced to give Chancery jurisdiction. Flournoy's ex'r. v. Holcomb, 2 Munf. 34.]